I'm going to hear argument next in case number 19-3054, Lou v. Congress. Mr. Lou. Hello? Yes. Mr. Lou not there. Sorry, Your Honor. Sorry. I put myself on mute. Okay. Go ahead, Your Honor. May I please support. First, I want to address the issue of a spending. On April 23rd this year, our Governor Cuomo said, and according to the Rockefeller Institute, between 2015 and 2018, New York State has paid $116 billion more to the federal government than received in federal spending. And that means a financial inequity of $1,500 for every New Yorker per year. Now, every American is subject to the same federal tax code, regardless of our state residence. And as we all know, the root cause for the American Revolution was taxation without representation. Therefore, I am convinced our founding father has agreed financially I have the spending in this case. And secondly, this case ultimately is about violation of voting rights. The value of my vote and of every New Yorker in election for the House is worth less than 80% of a person in Wyoming. Now, by definition, violation of voting rights has always been widely supported and shared by a large group of people. In the case of the U.S. was a student-challenging regulatory agency in 1973. And in the case of FEC was Adkins in 1998. The Supreme Court in those cases found injury in effect, even if such harm is widely shared. Furthermore, in three landmark cases, Baker... I guess just to clarify, if your argument were correct, you think that New York should get additional representatives, right? Exactly. Yes. You live in New York, right? Yes. I live in Queens. So if your argument were correct, then you would live in a district of fewer people and have more of a say in who your representative is, I suppose. No, I'm talking about... Well, New York State, we have been deprived at least seven House seats according to... based on the 2010 census calculation. So, Your Honor, let me... allow me to continue. So more important, most importantly, well, furthermore, in those three cases, the Supreme Court ruled that the plaintiff's equal protection law was violated. Number two, the right to vote is protected by the Constitution. And the plaintiff had a standing in those cases. And finally, the court has the power and duty to reveal such constitutional violations. But most importantly, according to the Constitution, Article I, Section 2, representatives and direct shall be apportioned by population. And Article 4, Section 2 guarantee every citizen in every state the same privilege and immunity regardless of state residence. And finally, the 14th Amendment guarantees the right to vote in any election, including representatives in Congress, not be abridged in any way. So, Your Honor, since a person in Wyoming is guaranteed full including all of us on the court, shall be guaranteed the same and equal representation in the House, no more, no less. So, therefore, the Constitution and the previous decision by the court gave me the standing in this case. And finally, Your Honor, personally, I want to share with you my story. I grew up in one of those one-party dictatorship regimes. I had the first hand experience how such regime silenced ordinary people. First, the government wrote various rights, including the right to vote, into the Constitution. However, all elected officials, from city councilor to congressional member, are handpicked by the ruling Communist Party before election. So, therefore, the right to vote is not even worth the paper it is printed on. And if anyone dares to challenge, that government would say, hey, everyone is being treated the same, so stay quiet or you'll be in trouble. Now, that government, that repressive regime, has always told its people that America's democracy is fake, because ordinary people do not have equal rights and do not have a standing. In George Orwell's The Animal Farm, a big banner on the farmhouse says, all animals are equal, but some animals are more equal than others. Your Honor, so today, I came before you to respectfully ask for your judicial review and prove America is not an animal farm. And America is indeed better than those one-party dictatorship regimes. Thank you, Your Honor. I'll take my time for rebuttal. Thank you. Thank you, Mr. Liu. Mr. Kochivar. Thank you, Your Honor. May it please the court, my name is Stephen Kochivar, and I represent defendants in this matter. This court should affirm the district court's judgment dismissing plaintiff's claims for lack of standing. None of the three required elements of standing are present here. Plaintiff has not alleged a particularized injury in fact. He has failed to establish a causal nexus between defendant's actions and his purported harm, and he has failed to show redressability. Sovereign immunity independently bars plaintiff's claims, as the district court found, and the speech or debate clause also independently bars plaintiff's claims. Finally, were the- Can I ask about injury in fact? So, if Mr. Liu were correct, it means that New York State is being deprived of seven representatives and should get extra representatives. When the Supreme Court considered a challenge to the Census Act about statistical sampling in the Department of Commerce versus the U.S. House, the Supreme Court said that with one few representative, Indiana residents' votes will be diluted, and that was enough of an injury in fact for Indiana residents to have standing. So, isn't Mr. Liu's injury the same? Like, if he were correct, his vote is being diluted, isn't it? So, I believe those cases generally that you're referring to involve the specific loss of seats. You know, the injury there is fitted to census apportionments where specific state delegations are going to lose seats, and that's not the theory of injury that Mr. Liu is advancing here. He's advanced, and as I believe you just confirmed in the oral argument today, if I understood him correctly, his theory is a broad one that would affect basically everyone, or with the exception perhaps of a few states. So, it's not particularized in the way that those cases that I think you're thinking of have in mind where we can talk about, you know, a specific delegation or the specific loss of a seat. Mr. Liu, that 48 states are underrepresented, and maybe only two of them are overrepresented. Doesn't that mean that citizens in 48 states are suffering vote dilution? I mean, the Supreme Court has said that vote dilution is an injury in fact. So, if indeed there are citizens in states that have X number of representatives, but under a constitutional system would have X plus Y representatives, that would have the effect of undulating their votes, and haven't they stated an injury in fact? I understand there might be other reasons why this plan doesn't succeed, but let's focus on this one. I guess at bottom, the problem is that Mr. Liu's theory challenges constitutional requirements, which is that one state, you know, each state gets at least one representative, and districts can't cross state lines. You're actually trying to dispute that, right? He's saying given the fact that every state gets one representative, we should take that as the baseline, and so then, okay, Wyoming gets one representative for however many citizens it has, but if you took the equivalent number in New York, it would have seven more representatives. I'm not sure his claim is correct, but I'm just asking, doesn't that show that if he lives in a state that should have seven more representatives, he's hurt in injury, in fact, in the form of vote dilution? So I, this is, it's a little hard to, it gets a little muddled here, because the remedy that Mr. Liu is requesting is maybe not crystal clear, but I want to note in response to your Honor's question, the Clemens case, where the Supreme Court said that there was not jurisdiction for a challenge that tried to just straight out increase the number in the House of Representatives, and I worry that if I understand your question correctly, we actually are squarely in that situation. We can't just add, you know, numbers to state delegations, because the Supreme Court has directly held that there is not jurisdiction for that, and I'm not sure I understand how you could get a remedy that Mr. Liu has in mind without doing something like that, and so again, all of this is to say that there is a line between a specific circumstance where a delegation is going to lose a specific seat as a result of apportionment or something else, again, generally based on the census, and then this very broad sort of claim that he has that talks about basically the system overall and talks about increasing the total number of seats in the House of Representatives, and we're on that side of the line, and I think that the Supreme of the line, you don't have jurisdiction. My understanding is that because there's a lack of a particularized injury there. I believe this court has actually said similarly in Mr. Liu's last case before the circuit, challenging the Electoral College, and I think that the same reasoning that the court held there applies pretty much directly here as well, and I would add just as a final point, if the courts were to reach the merits, which it should not, the claims are directly foreclosed by the Supreme Court's decision in Department of Commerce v. Montana, which held the apportionment scheme constitutional. Okay, thank you very much. Thank you. We're going to hear from Mr. Liu for a minute of rebuttal. Thank you, Your Honor. So, first of all, in the case of Department of Commerce v. Montana, Your Honor, you're absolutely correct. Actually, the justice found the plaintiff has a stand-in. However, in that case, the plaintiff sued the wrong party. Department of Commerce, they just simply followed the law and counted the censors. That's it. They didn't do anything wrong. They followed the law. And also, the redress by the plaintiff in that case is what to ask the court to allow them to pick the two seats in the House. And actually, that will still create inequity and injustice for the other states. So, that's that case. Now, in my case, to answer your question, according to 2010 censors, Wyoming has the least population, less than 600,000, and they are guaranteed one house seat. On the other hand, New York State, we have, according to 2010 censors, we have just below 20 million population. So, if you divided and we got 27 states, so once you divided the population in New York State, almost 20 million divided by 27, then it means one house seat represents more than 720,000 population. So, your claim is essentially whatever state has the smallest population, that should be the baseline for how many people are in any district in any state. Yes, I understand that. Your Honor, absolutely. We have to follow the original intent of the Constitution, our founding fathers. They reached a founding agreement in the Great Compromise. On the one hand, in the Senate, every state has received equal representation, two seats in the Senate. And then that should be balanced by equal representation by every state population in the House. I think we understand the argument. Thank you very much. In the Constitution, you know, then in the House, the number of houses must be apportioned by population. Okay, I think we understand that. Yeah, but the baseline is the population of a state. Thank you very much. Thank you very much, Mr. Liu. The case is submitted and that is the last case on which we are hearing argument today, and therefore, we are adjourned.